Singh v. Garland

BIA
Thompson, IJ
A202 037 028

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

SHIVJI SINGH,
> *Petitioner,*

v.                                                                              **22-6373**
                                                                                **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**             Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**             Brian M. Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shivji Singh, a native and citizen of India, seeks review of a July 27, 2022 decision of the BIA affirming a June 18, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shivji Singh*, No. A202 037 028 (B.I.A. July 27, 2022), *aff'g* No. A202 037 028 (Immigr. Ct. N.Y.C. June 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility

determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

3

Here, substantial evidence supports the agency's adverse credibility determination. The agency reasonably concluded that Singh was not credible given inconsistencies between his testimony and evidence and his admission that some information in initial corroborating affidavits was false. Singh's original asylum application, along with identity and corroborating documents, was admitted into evidence without objection, and Singh testified that he reviewed his asylum application and written statement, and that all information therein was true. He did not disavow any evidence in the record. He testified that his father had a heart attack because the police harassed and pushed him, but that his father was not beaten and had never been in a coma. His original application, however, included both a hospital letter stating that his father was in a coma and had lost 85% of his brain function because of police torture, and affidavits from people Singh knew in India reporting that the police had harassed his family and that his father was in a coma. This inconsistency alone constitutes substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d

4

Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Moreover, the agency was not required to credit Singh's explanations that his family obtained the evidence and he knew the affiants, but that he had never seen the documents and had only given the names of the affiants to his former attorney, who must have written or obtained the documents without his knowledge. Singh subsequently proffered that his family may not have told him about his father's beating and coma. The agency was not required to accept these shifting and speculative explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). In addition, although Singh placed the blame on his original attorney, he did not comply with the procedural requirements for an ineffective assistance claim by submitting his own affidavit and evidence that he had informed his former counsel of the allegations or allowed counsel an opportunity to respond, or by filing a complaint against counsel. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir.

5

2005) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)). Thus, he has "forfeit[ed] [his] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005). Absent compliance with the requirements for an ineffective assistance claim, there is no basis, other than Singh's unsupported allegations, to conclude that counsel, rather than Singh, was responsible for the false information. And while Singh alleges that compliance was impossible because his initial attorney died in 2020, he does not explain why he could not have pursued the claim between the hearing and IJ's decision in June 2019 and counsel's death or why he could not have submitted his own affidavit.

Lastly, the agency reasonably relied on the lack of reliable corroboration as further evidence of a lack of credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh submitted affidavits from his father, neighbors, and friends to corroborate his arrest and abuse by the police. First, as discussed, his father's affidavit contradicts the earlier hospital letter and affidavits. Moreover, the IJ did not err

6

in giving diminished weight to affidavits from friends and family who were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149 (holding that "the IJ acted within her discretion in according . . . little weight [to letters] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C.*, 741 F.3d at 332 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ also reasonably declined to credit these submissions given the admission that other affidavits contained false allegations. *See Siewe*, 480 F.3d at 170.

In summary, substantial evidence supports the adverse credibility determination given the inconsistent statements, Singh's admission that affidavits contained false information, and the lack of other reliable corroboration to rehabilitate Singh's credibility. *See Likai Gao*, 968 F.3d at 145 n.8; *Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court